# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2015

Lyle W. Cayce
Clerk

No. 15-30383
Summary Calendar

JEFFREY MORRIS,

Plaintiff-Appellant

v.

CORRECTIONS CORPORATION OF AMERICA; NURSE BRUNSON; L. HOBDY; MAINTENANCE OFFICER RAMSEY; DOCTOR KUPLESKY; DOCTOR SINGLETON; TIMOTHY KEITH; MAINTENANCE SERGEANT FITZHUGH; L. JONES; UNKNOWN DOCTOR; J. JENNINGS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2891

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Jeffrey Morris, Louisiana prisoner # 292975, filed a 42 U.S.C. § 1983 complaint alleging that he was denied medical care in connection with an injury he sustained from falling into a septic tank at the Winn Correctional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Center.  Morris timely appealed the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted.

A district court may sua sponte dismiss a prisoner's in forma pauperis complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  "A dismissal of a civil rights complaint for failure to state a claim is reviewed *de novo*, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  A complaint fails to state a claim upon which relief can be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The district court did not err in dismissing Morris's action for failure to state a claim.  Morris alleged no facts that would show that the defendants wantonly disregarded an excessive risk to his health prior to November 25, 2013.  *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Rather, Morris's own recitation of facts in his complaint demonstrates that he received almost daily treatment for his wound, including antibiotics, bandages, and topical ointment.  Morris's written statement of the incident also indicates that he received a tetanus shot.  At most, Morris's assertion that medical personnel should have examined his wound for foreign objects prior to November 25, 2013, states a claim of negligence, which does not amount to a claim of deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Moreover, his disagreement with the type of pain medication used to treat his injured hand does not amount to a claim of deliberate indifference.  *See id.*

Similarly, the district court did not err in dismissing Morris's claim that he was denied medical care after November 25, 2013, for the numbness to his

hand.  The district court gave Morris an opportunity to amend his complaint to identify the dates on which he sought and was denied treatment.  Morris failed to do so.  Before this court, Morris not only fails to identify any such dates, he also fails to challenge the district court's reasons for dismissing this portion of his claim.  Accordingly, he has abandoned it before this court.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Additionally, Morris reasserts his claim that Officer Ramsey and Sergeant Fitzhugh are liable for not providing the proper footwear, clothing, and training for handling biohazardous waste.  As noted by the district court, Morris fails to specify the training he had or how the lack of training and gear contributed to his injury.  Morris's conclusory, one-sentence assertion, without supporting legal or factual analysis, does not show a constitutional violation. *See Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 255 (5th Cir. 2008); *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  Similarly, Morris's assertion that Corrections Corporation of America (CCA) is liable for implementing unconstitutional policies for its employees is also conclusory as he fails to identify any unconstitutional policy of CCA.  *See Audler*, 519 F.3d at 255; *Oliver*, 276 F.3d at 741.

The district court did not err in dismissing Morris's § 1983 complaint for failure to state a claim upon which relief may be granted.  *See Iqbal*, 556 U.S. at 678.  Additionally, the district court did not abuse its discretion in denying Morris's motion for appointment of counsel.  *See Cupit v. Johnson*, 835 F.2d 82, 86 (5th Cir. 1987).  Morris's motion for appointment of counsel on appeal is denied.

AFFIRMED; MOTION DENIED.